Tueley, J.
delivered the opinion of the court.
James R. Cocke in his life time was a member of a mercantile firm in the town of Knoxville, known by the name and style of James R. Cocke & Co. This firm endorsed a note drawn by John Pryor & Co. for the sum of twenty-four hundred and thirty dollars, negotiable and payable at the Branch Bank of Tennessee at Athens. Before this note was discounted, James R. Cocke died, and the Bank, with a knowl *52 edge of Ms death, discounted it. Margaret E. Cocke, the plaintiff in error, administered upon his estate in the county of Knox, where he resided at the time of his death. When the note fell due it was protested for non-payment, and the notary public addressed notices of dishonor to John Pryor & Co., Knoxville, and to James R. Cocke & Co., Knoxville, and suit was brought by the Bank against Margaret R. Cocke, administratrix of James R. Cocke, and others, to recover the amount of the note endorsed as aforesaid. Judgment having-been rendered in the Circuit Court against Margaret E. Cocke, she appeals to this court, and several causes are assigned for error, only one of which we deem it necessary to notice, as it strikes at the foundation of the right of the Bank to recover, and settles the case conclusively in favor of the plaintiff in error; and that is, that there was no legal notice of the dishonor of the note, whereby the estate of James R. Cocke in the hands of his administratrix can be charged with its payment.
When James R. Cocke died, the firm of James R. Cocke & Co. was thereby dissolved, and no notice of the dishonor of a note, after that event, sent to the firm of James R. Cocke & Co. could legally bind James R. Cocke’s estate in the hands of his administratrix for its payment. It would bind the partnership effects in the hands of the surviving partners, but no further. In order to charge the private effects in the hands of his administratrix, the notice should have been sent to her. See 2nd Humphreys' Rep. 344. The neglect to do this is attempted to be obviated by proving that Joseph L. King, the agent of the administratrix, in the settlement of James R. Cocke’s estate, took out of the post office in Knoxville the notice of the dishonor of the note, directed by the notary public at Athens to James R. Cocke & Co. But this will not do. The notice of the dishonor must be directed to the pei’son to be charged and not another. That person in this case was Margaret E. Cocke, and not James R. Cocke & Co; and moreover, neither Mrs. Cocke nor her agent had any authority to take out of the post office a letter addressed to James R. Cocke & Co. The surviving partners were the persons to do this. But this letter, under no circumstances, *53 could communicate to the administratrix any information other than that the firm effects were looked to for the payment of the debt, and not that she, as the personal representative, was to be held responsible therefor.
The judgment of the Circuit Court will therefore be reversed and the case remanded for á new trial, if'the plaintiff thinks that the defect in the proof can be remedied.